AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PIERRE MICHEL NORAME<br><br>_____<br>*Defendant(s)* | )<br>)<br>)   Case No.  13-8340-JMH<br>)<br>)<br>) |

FILED by _____ D.C.

JUL 2 4 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __09/06/2012 and 09/13/2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, USC § 922(a)(6) | Knowingly make a false statement to acquire a firearm from a licensed dealer. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Timothy D. Trenschel, S/A, ATF
*Printed name and title*

*I find probable cause*

Sworn to before me and signed in my presence.

Date: 7-24-13

_____
Judge's signature

City and state: __West Palm Beach, FL__    James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Timothy D. Trenschel, being first duly sworn, hereby deposes and says:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), United States Department of Justice, serving since 2005, and am currently assigned to the West Palm Beach Field Office, West Palm Beach, Florida. Previously, I was employed as a metropolitan police officer for the Lexington Fayette Urban County Division of Police in Lexington, KY for 5 years. I have received specialized training regarding the investigation and enforcement of Federal Firearms violations and have conducted investigations regarding individuals involved in illegal firearms activities to include making false statements in the acquisition of a firearm.

2. This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to arrest Pierre Michel NORAME, year of birth (YOB) – 1981. However, no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

3. On September 6, 2012, BR and LR, the owners of a firearms store, informed ATF Special Agent Tim Trenschel that on or about September 3, 2012, they were contacted by Pierre NORAME (subsequently identified as the defendant Pierre Michel NORAME) who inquired as to how many firearms he could purchase. They informed him that there was not a legal limit to the number of firearms that could be purchased by a customer.

4. On September 6, 2012, NORAME entered BR and LR's store, a Federal Firearms Licensed Dealer. In reference to availability, BR told NORAME that he could obtain ten Glock 19 pistols from the distributor Davidson's Firearms. NORAME then made a telephone call,

speaking to someone in Creole as he walked outside of the business. Upon returning, NORAME agreed to place a $3,400 cash deposit for ten Glock 19 pistols.

5. BR explained that the distributor, Davidson's, offers a lifetime warranty on their products. NORAME countered that he would have no need for this warranty since the guns would be "leaving the country."

6. During the transaction on September 6, 2012, NORAME completed and signed Firearms Transaction Record, ATF Form 4473 Section A and answered "Yes" for Question 11a: "Are you the actual buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you**" (bold in original).

7. On September 13, 2012, ATF Special Agent Trenschel, acting in an undercover capacity, pretended to be an employee at the gun store. NORAME arrived at the store to pick up his Glock 19 pistols. NORAME provided a Florida Driver's License as his identification. Special Agent Trenschel asked NORAME if he had completed the front of the Firearms Transaction Record, ATF Form 4473 during his patronage on September 6, which NORAME affirmed. When NORAME paid the $1,946.87 remainder of the balance for the firearms, it was noted that he had exact change. NORAME commented that he wanted to "make sure they're (the bills of currency) not fake because, you know somebody else give them to me." During the course of this conversation, NORAME stated that he had never purchased any firearm prior to this occasion, nor has he ever shot any firearm, and that none of the firearms were for him. However, on that same date (09/13/2012), he signed ATF Form 4473 Section C and certified that all of his answers to questions in Section A (including question 11a) of the form were still "true, correct and complete." Upon completion of the sale, Special Agent Trenschel placed two boxes containing

all ten Glock 19, compact 9mm pistols on the counter, which NORAME transferred to his vehicle.

    a. Glock 19, 9mm pistol, serial number TKK946

    b. Glock 19, 9mm pistol, serial number TKK947

    c. Glock 19, 9mm pistol, serial number TKK948

    d. Glock 19, 9mm pistol, serial number TKK949

    e. Glock 19, 9mm pistol, serial number TKK961

    f. Glock 19, 9mm pistol, serial number TKK962

    g. Glock 19, 9mm pistol, serial number TKK963

    h. Glock 19, 9mm pistol, serial number TKK964

    i. Glock 19, 9mm pistol, serial number TKK965

    j. Glock 19, 9mm pistol, serial number TKK969

8. On September 13, 2012, Boynton Beach Police executed a traffic stop on NORAME as he drove his 1999 Honda Accord. At the conclusion of the stop, the Boynton Beach Police Officer issued NORAME warnings, returned his driver's license, and informed him he was free to leave.

9. At the conclusion of the traffic stop, Homeland Security Investigations (HSI) Special Agent Acosta identified himself to NORAME and asked, "I'd like to ask you a few questions. Is that OK?" NORAME responded, "OK." When asked if he had any weapons in his vehicle, NORAME responded, "Yeah, I got some in my trunk, but like I said, it's not for me." NORAME admitted that he'd been given about $5,300 to purchase the firearms. In response to S/A Acosta's question, "So what are you gonna do with the weapons?" NORAME responded, "Well, a friend of mine just give me the money. He told me, 'Go ask the question before you go buy it for me. If you can buy, you buy. If you can't buy just, you know, go ahead and give me

back the money.'" When asked who the firearms were for, NORAME responded, that the individual was not in the United States, but was in Haiti. NORAME further stated he had just telephoned the actual buyer of the firearms, Jean Richard (later identified by law enforcement as Jean Richard VERGIN), to inform him that NORAME had the firearms.

10. NORAME said that one month earlier, Jean Richard had sent a male to NORAME's house with the money to purchase the firearms. When asked how he had known how much money to send since NORAME had not yet inquired about the pricing from the gun store, NORAME said that Jean Richard had found the pricing online and had sent a little extra "just in case."

11. Based on the foregoing, your affiant believes probable cause exists that Pierre Michel NORAME, during the acquisition of a firearm from a licensed dealer, did knowingly make a false or fictitious oral or written statement intended or likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of such firearm, in violation of Title 18, United States Code, Section 922(a)(6).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Timothy D. Trenschel
Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 24 DAY OF JULY, 2013, AT
WEST PALM BEACH, FLORIDA.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   13-8340-JMH

UNITED STATES OF AMERICA

vs.

PIERRE MICHEL NORAME.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes   __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0150990
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777
Rinku.Tribuiani@usdoj.gov